CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKe

AUG 30 2011

JULIA C. DUDLEY, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELMER EDWARD BURGE, | ) | Civil Action No. 7:11-cv-00128 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Elmer Edward Burge, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that his convictions were obtained in violation of his Fourteenth Amendment right to due process and Sixth Amendment right to effective counsel. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant respondent's motion to dismiss and deny petitioner's motion for an evidentiary hearing.

I.

The Page County Circuit Court entered petitioner's criminal judgment on December 5, 2007, for object sexual penetration and taking indecent liberties with a child. The circuit court sentenced petitioner to thirty years' incarceration with twenty years' suspended.

Petitioner appealed to the Court of Appeals of Virginia. He argued that double jeopardy prevents his convictions because he had already been convicted of assault and battery against the victim for similar events. He also argued that the evidence was insufficient to convict him because the case lacked corroborating evidence and the victim's testimony was not credible. The Court of Appeals of Virginia denied his appeal on July 24, 2008. Petitioner did not immediately appeal to the Supreme Court of Virginia.

On January 13, 2009, petitioner filed a petition for a delayed appeal, and the Supreme

Court of Virginia granted the request on July 2, 2009. Petitioner filed his delayed appeal and raised the same claims discussed by the Court of Appeals of Virginia. However, the Supreme Court of Virginia refused the appeal on February 17, 2010, and denied a petition for a rehearing on April 22, 2010. The Supreme Court of the United States denied his subsequent petition for a writ of certiorari on October 4, 2010.

Petitioner filed his state habeas petition with the Supreme Court of Virginia on June 17, 2010. Petitioner argued his double jeopardy claim and ineffective assistance of both appellate and trial counsel. The Supreme Court of Virginia dismissed the habeas petition on December 14, 2010.

Petitioner timely filed his federal habeas petition in March 2011. Petitioner argues the following claims:

> (A) The trial court violated the principles of double jeopardy by convicting petitioner of two felony sex offenses on August 1, 2007, after first having convicted him on February 5, 2007, of a misdemeanor assault and battery "for the same transaction of events."
>
> (B) Appellate counsel was ineffective for failing "to properly prepare and argue" petitioner's double jeopardy claim on appeal.
>
> (C) Appellate counsel was ineffective for failing to research and prepare an appeal in the Supreme Court of Virginia, where appellate counsel merely "change[d] the cover page and the signature block at the end" of an appellate brief filed by a different attorney in the Court of Appeals of Virginia, but otherwise left the facts and the argument unchanged and failed to allege error to the ruling of the Court of Appeals of Virginia.
>
> (D) The evidence was insufficient to convict the petitioner because:
>     (i) "no physical evidence exists to back the substantiate claims that petitioner had both his finger and penis inside her;
>     (ii) the trial court erred in accepting "hearsay evidence" "to corroborate the victim's direct testimony" and to find the petitioner guilty;
>     (iii) Patricia Campbell's testimony was inherently incredible;
>     (iv) the Commonwealth introduced a drawing that either disproves the victim saw petitioner's penis or the element of lasciviousness; and

2

(v) the victim's competency to testify was not ascertained at trial, making her testimony inadmissible and insufficient to sustain the convictions.

(E) Appellate counsel was ineffective for failing "to properly prepare and argue" petitioner's sufficiency of the evidence claim on direct appeal.

(F) Trial counsel was ineffective for failing to conduct an investigation into whether a medical examination had been performed on the victim.

(G) Trial counsel was ineffective for failing to subpoena and call social services worker Anita Long as a witness to determine whether or not the victim had a medical examination.

(H) Trial counsel was ineffective for failing to subpoena "the person, if there was one, who conducted the medical examination" of the victim.

(I) Trial counsel was ineffective for failing to investigate "the counselor" to whom the victim had allegedly made her initial claims of sexual abuse.

(J) Trial counsel was ineffective for failing to impeach Patricia Campbell's trial testimony by pointing out that her testimony was "so incredible as to be unbelievable."

(K) Trial counsel was ineffective for failing to object to Patricia Campbell's testimony as "double hearsay and inadmissible under Virginia's 'recent complaint' law."

(L) Trial counsel was ineffective for failing to impeach Patricia Campbell's trial testimony "that she found out in January that [the victim] had made further claims against [petitioner] which involved penetration."

(M) Trial counsel was ineffective for failing to investigate the petitioner's claims regarding phone conversations between the petitioner and the victim and for failing to subpoena the petitioner's "taped jail phone conversations."

II.

A. PETITIONER DID NOT PRESENT ALL OF HIS CLAIMS IN STATE COURT.

A federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See 28 U.S.C. § 2254(b)

3

(mandating exhaustion). The purpose of exhaustion is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). The exhaustion requirement is satisfied by finding that the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (citing Picard v. Connor, 404 U. S. 270, 275-76 (1971)). Therefore, petitioner must present both the same argument and factual support to the state court prior to filing the claim with a federal court. Anderson v. Harless, 459 U. S. 4, 6-7 (1982).

Petitioner's claims (A) and (D)(i) are exhausted because they was raised on direct appeal and decided on the merits in the Supreme Court of Virginia. Petitioner's claims (B), (C), (E), (F), (G), (H), (I), (J), (K), (L), and (M) are exhausted because they were raised in the state habeas corpus petition and considered on the merits by the Supreme Court of Virginia,.

Petitioner and respondent disagree as to whether petitioner exhausted claims (D)(ii), (D)(iii), (D)(iv) or (D)(v).[1] The Supreme Court of Virginia characterized (D)(ii), (D)(iii), and (D)(iv) as "alleg[ing] the evidence was insufficient to convict him because . . . the trial court accepted hearsay evidence, the victim's mother provided testimony that was unworthy of belief,

---

[1] In his federal petition, petitioner argues in claim D that the evidence was insufficient to convict him because:
(i) "no physical evidence exists to back the substantiate claims that petitioner had both his finger and penis inside her;
(ii) the trial court erred in accepting "hearsay evidence" "to corroborate the victim's direct testimony" and to find the petitioner guilty;
(iii) Patricia Campbell's testimony was inherently incredible;
(iv) the Commonwealth introduced a drawing that either disproves the victim saw petitioner's penis or the element of lasciviousness; and
(v) the victim's competency to testify was not ascertained at trial, making her testimony inadmissible and insufficient to sustain the convictions.
4

and a drawing by the victim did not support petitioner's guilt." Burge v. Dir., No. 101273 at 3. The Supreme Court declined to review claims (D)(ii), (D)(iii), and (D)(iv) because the issues "were raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore, . . . cannot be raised in a habeas corpus petition[,]" pursuant to Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003). However, a claim barred from state habeas review pursuant to Henry may be considered on federal habeas review by virtue of its presentation on direct appeal. See Hood v. Johnson, No. 2:06cv422, 2007 U.S. Dist. LEXIS 11583, 2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007) ("Where the underlying claim purports to concern a federal constitutional issue . . . the rule espoused in Henry . . . does not prevent federal habeas review of the claim.") (citing Goins v. Angelone, 226 F.3d 312, 320 n.3 (2000)). Accordingly, claims (D)(ii), (D)(iii), and (D)(iv) are exhausted and not procedurally defaulted from federal habeas review.

The Supreme Court of Virginia did not consider (D)(v) on habeas review because petitioner did not present it then. Instead, petitioner argued on direct appeal to the Court of Appeals of Virginia that the victim's testimony lacked credibility, and he renewed the same argument in his petition for appeal to the Supreme Court of Virginia. Burge v. Commonwealth, No. 090158 (Va. Feb. 17, 2010) (Pet. for Appeal 16-19); Burge v. Commonwealth, No. 0560-08-4 (Va. Ct. App. July 24, 2008) (Corrected Replacement Pet. for Appeal 15-17 & Pet. for Appeal 15-17). In the instant petition, petitioner argues that the victim lacked competency, a claim that relies on wholly different legal theories and factual allegations than lacking credibility. Thus, petitioner failed to exhaust claim (D)(v).

"A claim that has not been presented to the highest state court nevertheless may be treated

5

Case 7:11-cv-00128-JLK   Document 15   Filed 08/30/11   Page 5 of 20   Pageid#: 437

as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Matthews v. Evatt, 105 F.3d 907, 911 (1997) (citations omitted). A claim known but not raised in an initial state habeas petition cannot be raised in subsequent state habeas petitions. See VA. CODE § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition."). Thus, claim (D)(v) is procedurally defaulted and barred from federal habeas review unless petitioner establishes cause and prejudice or that a fundamental miscarriage of justice would result. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). However, petitioner does not present any excuse that constitutes cause or explain a manifest injustice, despite his allegation in Claim (E). Accordingly, I find that petitioner procedurally defaulted claim (D)(v) and it is barred from review.

6

B.  THE SUPREME COURT OF VIRGINIA'S REVIEW OF PETITIONER'S CLAIMS WAS NOT
    CONTRARY TO, OR AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL
    LAW, OR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

7

conclusion in the first instance." Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 849 (Jan. 20, 2010). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388 (2011).

1. As held by the Supreme Court of Virginia, the evidence was sufficient for any reasonable trier of fact to convict petitioner.

Petitioner argues that the evidence was insufficient to sustain his convictions.[2] Petitioner presented this claim to the Supreme Court of Virginia in his habeas petition, but the Supreme Court of Virginia held that the claim was barred because the issue was raised and adjudicated during trial and on direct appeal to the Court of Appeals of Virginia, pursuant to Henry. The Court of Appeals of Virginia held that the evidence was sufficient to convict petitioner of object sexual penetration and taking indecent liberties with a child after viewing the evidence in the light most favorable to the Commonwealth.[3] See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)

---

[2] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

[3] Virginia Code § 18.2-67.2 [Object Sexual Penetration; penalty] states:
An accused shall be guilty of . . . animate object sexual penetration if he . . . penetrates the labia majora . . . of a complaining witness . . . other than for a bona fide medical purpose. . . .

Virginia Code § 18.2-370.1 [Taking indecent liberties with child by person in custodial or supervisory relationship; penalties] states in pertinent part:
Any person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally (i) proposes that any such child feel or fondle the sexual or genital parts of such person

8

(holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis). I have reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> [Petitioner] lived with Patricia Campbell and her two children until he was incarcerated in October 2006 for an unrelated offense. While [petitioner] was incarcerated, Campbell and [petitioner] discussed whether he would move back into her residence after he was released. In late November 2006, shortly before [petitioner]'s release date, Campbell's six-year-old daughter, the victim, told Campbell that [petitioner] had touched her inappropriately when she was on the living room couch during the summer of 2006. On February 5, 2007, [petitioner] was convicted of misdemeanor assault and battery of a household member for this inappropriate touching.
>
> Campbell testified the victim started seeing a counselor in January 2007 and the victim said that she had not told Campbell everything. Campbell testified that the victim stated [petitioner] carried her to Campbell's bedroom and put his

---

or that such person feel or handle the sexual or genital parts of the child; . . . or (vi) sexually abuses the child as defined in § 18.2-67.10 (6), shall be guilty of a Class 6 felony.

Sexual abuse is defined in pertinent part by § 18.2-67.10 as an act committed with the intent to sexually molest, arouse, or gratify any person, where:
a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
c. If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts.

private area inside her private area, he licked his finger and stuck it in her private
area, and he put his private area into her mouth. Campbell testified the victim
said the incident occurred on a Sunday before a summer beach vacation and it
was not the same day as the living room incident. Campbell testified she
immediately told Investigator Thomas about the bedroom incident. Campbell
testified extensively about her relationship with [petitioner] and [petitioner]'s
former wife.

The victim testified that on a Sunday in the summer of 2006, prior to a beach
vacation and while Campbell was at church, [petitioner] picked her up from the
couch, carried her into Campbell's bedroom, and put her on the bed. The victim
testified [petitioner] undressed, got onto the bed, and put his private spot in her
private spot. The victim testified [petitioner] licked his middle finger and put it
into her private spot. The victim testified she could feel his finger going inside
her. The victim testified [petitioner] put his private spot in her mouth. The
victim testified [petitioner] told her not to tell anyone. The victim testified she
did not immediately tell her mother because she believed [petitioner] would hurt
her. The victim testified she told her mother about the abuse on the couch
because [petitioner] was getting out of jail and might return to the residence. The
victim testified she did not tell her mother about the bedroom incident when she
told her about the living room incident because her mother was crying "too
hard," but she finally told her because she did not want to keep a secret any
longer. The victim drew a picture of [petitioner]'s private spot for Thomas, and
the picture resembled a penis.

[Petitioner] testified he pinched the victim's upper leg where the thigh joins the
body while they were on the couch. [Petitioner] testified that in July 2006,
during the time the bedroom incident was alleged to have occurred, he was not
getting along with Campbell.

Burge v. Commonwealth, No. 0560-08-4 at 1-3; Tr. Tran. 9-10, 12-20, 22-23, 58, 61-73, 77-78, 84-85, 99-100, 186-88.

Petitioner does not present clear and convincing evidence that the jury resolved any factual issue incorrectly. The jury gave more weight to the credibility of the Commonwealth's witnesses, an investigator, the victim, and the victim's mother, versus the credibility of the defense witnesses, including the defendant. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses). Thus, I

10

do not redetermine whether Campbell's testimony was so incredible as to be unbelievable. Furthermore, whether physical evidence of penetration was not presented does not refute the testimony by the Commonwealth's witnesses. Whether the trial court permitted hearsay evidence during Campbell's testimony did not relate to the victim's testimony that described similar facts, and the victim's drawing, when viewed in a light most favorable to the Commonwealth, looks like a penis and is corroborated by her sworn testimony. Accordingly, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, and I dismiss this claim.

2. As held by the Supreme Court of Virginia, petitioner's August 2007 conviction does not constitute Double Jeopardy of his February 2007 conviction.

In Claim (A), petitioner alleges the trial court violated the principles of double jeopardy by convicting him of the instant crimes on August 1, 2007, after first having convicted him on February 5, 2007, of a misdemeanor assault and battery "for the same transaction of events." However, the Court of Appeals of Virginia found, as a matter of fact, that the two prosecutions arose from two separate incidents: one that took place in the living room and one that took place in the bedroom. See 28 U.S.C. § 2254(e)(1); Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003) ("a state court's findings of fact are entitled to a 'presumption of correctness'" which a petitioner may rebut only by 'clear and convincing evidence.'"). This ruling is not contrary to or an unreasonable application of the Double Jeopardy Clause nor does it rest upon an unreasonable finding. The Double Jeopardy Clause of the Fifth Amendment, as applied by the Fourteenth Amendment, "'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects

11

against multiple punishments for the same offense.'" Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted)). The two prosecutions arise out of two separate factual scenarios: petitioner pinching the victim's thigh on the couch in the living room and petitioner digitally and genitally penetrating the victim's labia and mouth on the bed in the bedroom. Accordingly, double jeopardy did not bar the second prosecution, and I dismiss this claim.

3. As held by the Supreme Court of Virginia, petitioner did not receive ineffective assistance of counsel.

Petitioner argues several instances of ineffective assistance of trial and appellate counsel. However, petitioner fails to carry his burden to show that the Supreme Court of Virginia's adjudication of these claims were contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption

12

that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

In Claim (B), petitioner asserts that appellate counsel was ineffective for failing "to properly prepare and argue" his double jeopardy claim. The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that appellate counsel presented petitioner's double jeopardy claim and it was considered on the merits by the Court of Appeals, which held that the charges arose from separate and distinct incidents." Burges v. Dir., No. 101273 at 2. It further determined that petitioner "failed to demonstrate that counsel's performance was deficient," or that "there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Id.

Appellate counsel is not required to assert every conceivable claim on appeal. The United States Supreme Court has recognized that it is good strategy on appeal to identify and present only the strongest issues and arguments. See Jones v. Barnes, 463 U.S. 745, 751-53

13

(1983) (counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant). This axiom is true because "appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." Burkett v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). The process of "'winnowing out weaker arguments'" and "'focusing on' those more likely to prevail" "is the hallmark of effective" advocacy. Smith v. Murray, 477 U.S. 527, 536 (1986). Petitioner failed to establish prejudice as the double jeopardy claim would not have vacated the convictions, and counsel was not deficient for choosing other arguments to raise on appeal.

In Claim (C), petitioner asserts that appellate counsel was ineffective for failing to research and prepare an appeal in the Supreme Court of Virginia. Petitioner complains that appellate counsel merely "change[d] the cover page and the signature block at the end" of an appellate brief filed by a different attorney in the Court of Appeals of Virginia, left the facts and the argument unchanged, and failed to allege error of the ruling of the Court of Appeals of Virginia. The Supreme Court of Virginia rejected this claim, finding that the record, "including the final order of this Court, demonstrates that the appeal was refused on the merits and was not procedurally dismissed for failure to properly assign error." It also noted that counsel "was bound by the issues raised and decided in the Court of Appeals" based on the Rules of the Supreme Court of Virginia. Thus, it concluded that counsel did not violate Strickland.

Indeed, appellate counsel was bound to argue only those issues that had been both preserved in the trial court and presented on appeal to the Court of Appeals. Homer v. Dep't of Mental Health, 268 Va. 187, 194, 597 S.E.2d 202, 206 (2004) (failure to assign cross-error on an issue the Court of Appeals did not address waives further appellate review of the issue). Thus,

he could not raise new issues for appeal in the Supreme Court. The Supreme Court of Virginia considered the merits of the petition, did not dismiss it for procedural reasons, and, thus, petitioner does not demonstrate any prejudice from appellate counsel's failure to assign error to the decision of the Court of Appeals. See Sheets v. Castle, 263 Va. 407, 411, 559 S.E.2d 616, 619 (2002). Therefore, counsel did not perform deficiently.

In Claim (E), petitioner asserts that appellate counsel was ineffective for failing "to properly prepare and argue" the petitioner's sufficiency of the evidence claim on direct appeal. The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that appellate counsel presented petitioner's sufficiency of the evidence claim and it was considered on the merits" and that counsel "argued a lack of physical evidence, lack of corroborating medical evidence, and the victim's conflicting testimony." To the extent petitioner argues that appellate counsel should have included Claim (D)(v) in his appeal, petitioner fails to establish a Sixth Amendment violation. Nothing in the record suggests that the victim lacked any capacity to testify about what she directly experienced between her and petitioner. It was not unreasonable for appellate counsel to pursue other, more viable appellate claims than the victim's capacity. Smith, 477 U.S. at 536. Furthermore, trial counsel did not raise the victim's capacity as an issue during trial, and the argument would be waived on direct review.

In Claim (F), petitioner asserts that trial counsel was ineffective for failing to conduct an investigation into whether a medical examination had been performed on the victim. The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that a medical examination was not performed because the six-year-old victim delayed reporting the assault." It also noted that "[a]s a result of the delay, a medical examination would not have

15

produced any evidence of the assault" and that petitioner failed "to provide an affidavit from the medical examiner to verify that his testimony would have supported the petitioner's defense." It held that petitioner had "failed to demonstrate that counsel's performance was deficient," or that "there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different."

The record plainly demonstrates that the victim did not have a medical examination. The sexual offenses took place in the summer of 2006. (Tran. 61-62). The six-year-old victim delayed reporting the offenses to her mother until late November 2006. (Id. 10.) When Campbell contacted those working in an emergency room at a hospital in Charlottesville, they explained to her that a medical examination would be useless and would not produce any physical evidence of the assault. (Id. 51.) As a result of the delay in reporting, the victim did not have a medical examination. (Id.) Furthermore, petitioner did not offer any evidence to support his claim that the victim in fact had a medical examination. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (holding petitioner must allege "what an adequate investigation would have revealed.").

In Claim (G), petitioner asserts that trial counsel was ineffective for failing to subpoena and call social services worker Anita Long as a witness to determine whether or not the victim had a medical examination. The Supreme Court of Virginia rejected this claim, finding that "counsel spoke with Long in preparation for the case and determined that her testimony would be detrimental to petitioner's case" and petitioner failed to show either deficient performance or

16

prejudice.

Petitioner similarly failed to proffer in the instant or state habeas proceedings the substance of Long's purported testimony in order to establish what the witness would have testified and how that testimony would have been favorable to him. Petitioner cannot establish prejudice for his counsel's failure to call a witness unless he makes an affirmative showing what that witness would have said. Burger v. Kemp, 483 U.S. 776, 793 (1987) (holding that petitioner could not show prejudice where he did not submit an affidavit from the witness establishing that the witness would have offered substantial mitigating evidence if he had testified). Furthermore, the victim did not have a medical examination.

In Claim (H), petitioner asserts trial counsel was ineffective for failing to subpoena "the person, if there was one, who conducted the medical examination" of the victim. The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that a medical examination was not performed because the six-year-old delayed reporting the assault" and noted that the petitioner failed "to identify the potential witness or provide an affidavit from the witness purporting what his or her testimony would have been." Petitioner has not established that such a witness exists, what the witness would have testified, or how the testimony would be favorable. Indeed, the record demonstrates such a witness does not exist since no medical examination was performed.

In Claim (I), petitioner asserts that trial counsel was ineffective for failing to investigate the therapist to whom the victim allegedly made her initial claims of sexual abuse. The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that counsel interviewed all witnesses requested by petitioner" and that counsel "was unaware of the therapist

17

until the victim's mother testified" and noted that counsel "objected to this testimony [by the victim's mother] and the objection was sustained." Thus, based on trial counsel's sustained objection, the trial court did not consider the testimony about the school counselor as evidence against petitioner, and he fails to establish any prejudice.

In Claim (J), petitioner asserts that trial counsel was ineffective for failing to impeach Campbell's trial testimony by pointing out that her testimony was "so incredible as to be unbelievable." The Supreme Court of Virginia rejected this claim, finding that the record, "including the trial transcript and the affidavit of counsel, demonstrates that counsel's entire defense strategy was to impeach the mother's testimony and to make her testimony appear incredible and unbelievable."

Trial counsel's cross-examination of Campbell spanned twenty-nine pages of the trial transcript. (Tran. 24-51, 56.) Specifically, trial counsel questioned Campbell regarding her son's relationship with her daughter (Id. 24-25), her recollection of the dates the petitioner was living with her (Id. 27), her resentment towards the petitioner because of her suspicion that he had an affair with his ex-wife (Id. 28-31, 35), her threats to the petitioner regarding their relationship and his plans to move out (Id. 32-34), and her recollection of the dates the petitioner was living with her (Id. 26-27). Notably, even without Campbell's testimony, the trial court stated that the victim's testimony alone was sufficient to prove the elements of the crimes.

In Claim (K), petitioner asserts that trial counsel was ineffective for failing to object to Campbell's testimony as "double hearsay and inadmissible under Virginia's 'recent complaint' law." The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that counsel objected to [Campbell] testifying as to what the victim told her as hearsay." Trial

counsel made this exact objection to Campbell's testimony at trial. (Id. 11-12.)

In Claim (L), petitioner asserts trial counsel was ineffective for failing to impeach Campbell's trial testimony "that she found out in January that [the victim] had made further claims against [petitioner] which involved penetration." The Supreme Court of Virginia rejected this claim, finding that "[c]ounsel cross-examined the victim's mother about the possible dates the offenses could have occurred, and her conversations with petitioner that she did not believe her daughter." Trial counsel's strategy during trial appeared to question the credibility of the victim's mother and to impeach her testimony.

In Claim (M), petitioner asserts trial counsel was ineffective for failing to investigate phone conversations between petitioner and the victim and for failing to subpoena the petitioner's "taped jail phone conversations." The Supreme Court of Virginia rejected this claim, finding that the record "demonstrates that counsel discussed the telephone conversations with petitioner and felt adequately prepared to cross-examine the witnesses about the conversations without entering the tapes." Trial counsel's affidavit explained that petitioner and trial counsel discussed the phone conversations between petitioner and Campbell "at length and thoroughly" before trial, and trial counsel "was prepared" to cross-examine Campbell about these conversations. Trial counsel averred that he believed that admitting these tapes would be a mistake because he was not sure that petitioner accurately remembered everything that was said and that there could be damaging information on those tapes.

In fact, trial counsel cross-examined Campbell about these conversations and was able to elicit some damaging information, like that Campbell had been laughing about her daughter's allegations of sexual abuse with petitioner and that she told petitioner she did not believe the

19

allegations. (Tran. 45-47.) Petitioner also testified about these various phone conversations. (Id. 107-10.) Petitioner does not illustrate what information he believes was on the taped phone conversations that was not stated at trial or that would have been favorable to his defense.

In conclusion, petitioner failed to establish any Sixth Amendment violation of the right to effective counsel, either during his trial or appeal. Thus, the Supreme Court of Virginia's adjudication of these claims were not contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. Accordingly, I dismiss petitioner's ineffective assistance of counsel claims.

### III.

For the foregoing reasons, I grant respondent's motion to dismiss and deny as moot petitioner's motion for a hearing. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of August, 2011.

*Jackson L. Kiser*
Senior United States District Judge